IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO:  26-_____ |
| v. | : | DATE FILED:  May 28, 2026 |
| JOSEPH CAMMARATA | : | VIOLATIONS: |
| | : | 18 U.S.C. § 401(3) (contempt of court – 1 count) |
| | | 18 U.S.C. § 1341 (mail fraud – 1 count) |
| | : | Notice of Forfeiture |
| | : | |

INDICTMENT

COUNT ONE

THE GRAND JURY CHARGES THAT:

1.      On or about October 28, 2021, a grand jury sitting in the Eastern District of Pennsylvania returned a sealed indictment charging defendant JOSEPH CAMMARATA and others with conspiracy to commit wire fraud, in the case of United States v. Cammarata, et al., 21-cr-427 (the "Criminal Case"). The indictment alleged that defendant CAMMARATA and others engaged in a multi-year scheme to defraud class action settlement funds. Defendant CAMMARATA was arrested on this indictment on or about November 3, 2021.

2.      On or about November 3, 2021, the same day that the indictment was unsealed, the Securities and Commission (the "SEC") filed a civil Complaint for Permanent Injunction and Other Equitable Relief (the "Complaint") against defendant JOSEPH CAMMARATA and others in the United States District Court for the Eastern District of Pennsylvania, in the case of Securities and Exchange Commission v. Joseph Cammarata, et al., Case No. 2:21-cv-04845 (the "SEC Case").

3.      On or about November 4, 2021, United States District Judge Chad F. Kenney entered an Ex Parte Temporary Restraining Order Freezing Assets and Prohibiting the Destruction of Records and Data and Rule to Show Cause in the SEC Case (the "November 4, 2021, Order"). The November 4, 2021, Order, in part, froze all assets held, managed, owned, and controlled, whether directly or indirectly, by defendant JOSEPH CAMMARATA, including any assets acquired after the date of the order, and all assets within bank or brokerage accounts for which defendant CAMMARATA had signatory authority, including but not limited to accounts listed in Appendix A to the order. The November 4, 2021, Order further restrained and enjoined defendant CAMMARATA from, directly or indirectly, concealing any books, records, documents, or correspondence pertaining in any way to any matter described in the Complaint, the purchase or sale of securities, or the assets of defendant CAMMARATA.

4.      On or about November 10, 2021, the Court issued an order in the SEC Case extending the November 4, 2021, Order until December 14, 2021, or as otherwise ordered by the Court.

5.      On or about December 3, 2021, the Court issued an order in the SEC Case extending the November 4, 2021, Order until January 25, 2022.

6.      On or about January 12, 2022, the Court issued a preliminary injunction in the SEC case. The preliminary injunction extended all provisions of the November 4, 2021, Order, as well as the orders issued on November 10, 2021, and December 3, 2021, including the asset freeze. All parties to the SEC Case, including defendant JOSEPH CAMMARATA, stipulated to the entry of this preliminary injunction.

7.      On or about September 9, 2022, a grand jury sitting in the Eastern District of Pennsylvania returned a superseding indictment in the Criminal Case charging defendant

2

JOSEPH CAMMARATA. The superseding indictment added four substantive wire fraud charges, a money laundering conspiracy charge, and six money laundering charges. Prior to trial, the Court granted the motion of the United States to dismiss four of the money laundering charges.

8.    On or about October 26, 2022, a jury in the Eastern District of Pennsylvania found defendant JOSEPH CAMMARATA guilty of the remaining charges in the superseding indictment: conspiracy to commit mail and wire fraud, wire fraud, conspiracy to commit money laundering, and money laundering.

9.    On or about June 6, 2023, the Court sentenced defendant JOSEPH CAMMARATA to 120 months in prison. The Court also imposed restitution in the amount of $31,275,832.92 and a fine of $250,000. The Court also ordered defendant CAMMARATA to forfeit $16,493,939.73. The vast majority of defendant CAMMARATA's restitution, forfeiture, and fine obligations remain unpaid and outstanding.

10.    On or about August 13, 2024, the Court issued an order in the SEC Case lifting the asset freeze "for the limited, express purpose" of allocating certain assets to the SEC, the United States, and defendant JOSEPH CAMMARATA's ex-wife. This distribution was to pay the outstanding judgment in the SEC Case and the monetary penalties imposed on defendant CAMMARATA in the Criminal Case. This order did not otherwise alter the asset freeze.

11.    On various dates between on or about December 22, 2021, and on or about April 18, 2023, the Court modified the order freezing defendant JOSEPH CAMMARATA's assets to allow defendant CAMMARATA to pay attorneys' fees in the Criminal Case. In each instance, defendant CAMMARATA made a specific request to the Court, via motion, for a set amount to be paid to the attorney. On various other dates, including on or about October 31,

3

2023, the Court denied motions made by defendant CAMMARATA to unfreeze assets to allow defendant CAMMARATA to pay a new attorney.

12. On or about September 17, 2020, defendant JOSEPH CAMMARATA opened an account at Wells Fargo Bank, N.A. (account ending in 8896), in the name of PB Trade LLC, a New Jersey corporation, with a Taxpayer Identification Number ending in 5853. Defendant CAMMARATA listed himself as the sole owner with control of the entity. Between on or about September 17, 2020, and on or about August 27, 2021, defendant CAMMARATA deposited a total of approximately $293,570.12 into the Wells Fargo account ending in 8896. Because of inactivity, Wells Fargo Bank, N.A., closed this account on or about February 2, 2024.

13. On or about February 2, 2024, the Wells Fargo account ending in 8896 had a value of approximately $295,595.43, which amount represented the deposits made by defendant JOSEPH CAMMARATA and accrued interest.

14. On or about February 4, 2024, because Wells Fargo Bank, N.A. closed the PB Trade LLC account ending in 8896, the bank sent a cashier's check in the amount of $295,595.43, payable to PB Trade LLC, to defendant JOSEPH CAMMARATA's parents in Staten Island, New York. Although this account was not among the specific accounts listed in Appendix A to the November 4, 2021, Order freezing all of defendant CAMMARATA's assets, defendant CAMMARATA was well aware that the freeze order fully applied to this account and its assets, as they constituted "funds, accounts, and other assets held, managed, owned, or controlled, whether directly or indirectly," by defendant CAMMARATA.

15. Sometime between in or about January and July 2024, defendant JOSEPH CAMMARATA met Person #1, known to the grand jury, at the Monmouth County Correctional Institution ("MCCI") in Freehold, New Jersey, where they were both incarcerated. Defendant

4

CAMMARATA knew that Person #1 was going to be released in the near future. Defendant CAMMARATA, who was aware of the Court's November 4, 2021, Order freezing all of his assets, told Person #1 that defendant CAMMARATA's parents had a check that defendant CAMMARATA could use to pay for a lawyer. Defendant CAMMARATA asked Person #1 to get the check from defendant CAMMARATA's parents after Person #1 was released from custody. Defendant CAMMARATA further asked Person #1 to open a bank account in a name similar to the name of the entity to which the check that defendant CAMMARATA's parents were holding had been written.

16.    On or about July 8, 2024, Person #1 was released from custody at MCCI.

17.    On or about July 16, 2024, at the direction of defendant JOSEPH CAMMARATA, Person #1, with the assistance of Person #2, known to the grand jury, incorporated PB Trade Limited Liability Company in Delaware. On or about July 25, 2024, Person #1 obtained a Taxpayer Identification Number for PB Trade Limited Liability Company. The Taxpayer Identification Number for this entity ended in 4122.

18.    Sometime prior to on or about July 26, 2024, Person #1 obtained from defendant JOSEPH CAMMARATA's parents the cashier's check in the amount of $295,595.43, payable to PB Trade LLC, which had been issued by Wells Fargo Bank, N.A.

19.    On or about July 26, 2024, Person #1, at the direction of defendant JOSEPH CAMMARATA, had Person #2 open two accounts at Flagstar Bank in Matawan, New Jersey (accounts ending in 8303 and 8296). Both accounts were in the name of PB Trade Limited Liability Company, with an address in Gloucester, New Jersey. That same day, Person #1 and Person #2 deposited the proceeds of the cashier's check in the amount of $295,595.43 payable to PB Trade LLC into these two accounts.

20.     On or about August 2, 2024, at the direction of defendant JOSEPH CAMMARATA, Person #1 obtained an official check in the amount of $175,000 from Flagstar Bank, using funds from the account ending in 8303, payable to Attorney #1, known to the grand jury. Those funds were still subject to the asset freeze of the United States District Court for the Eastern District of Pennsylvania. The memo line on the official check read "Joseph Cammarata Retainer." Defendant CAMMARATA never received permission from the Court to use the frozen funds to make this payment.

21.     On or about August 2, 2024, Person #1 sent the official check from Flagstar Bank to Attorney #1 in Philadelphia, Pennsylvania, by U.S. mail or interstate carrier. Attorney #1 endorsed this check on or about August 6, 2024.

22.     From on or about February 2, 2024, to on or about August 6, 2024, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOSEPH CAMMARATA**

willfully and knowingly disobeyed and resisted a lawful order of a Court of the United States, that is, the November 4, 2021, Order, issued by the Honorable Chad F. Kenney, United States District Judge, on November 4, 2021, and the November 10, 2021, December 3, 2021, and January 12, 2022, orders extending the November 4, 2021, Order, in the Eastern District of Pennsylvania in the case of Securities and Exchange Commission v. Joseph Cammarata, et al., Case No. 2:21-cv-04845, by causing the transfer of funds in the amount of approximately $295,595.43 from Wells Fargo Bank, N.A., account ending in 8896, to accounts at Flagstar Bank and then to Attorney #1, when such funds were an asset of defendant CAMMARATA at the time of, and after, the issuance of the November 4, 2021, Order, in violation of the Court's orders freezing the assets of defendant CAMMARATA.

6

In violation of Title 18, United States Code, Section 401(3).

7

## COUNT TWO

### THE GRAND JURY FURTHER CHARGES THAT:

1.     Paragraphs 1 through 21 of Count One are incorporated here.

### THE SCHEME

2.     From on or about February 2, 2024, to on or about August 6, 2024, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JOSEPH CAMMARATA

devised and intended to devise a scheme to defraud Wells Fargo Bank, N.A., Flagstar Bank, his restitution victims, and the United States, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.     Defendant JOSEPH CAMMARATA caused Person #1 to create a limited liability company with a name confusingly similar to that of PB Trade LLC.

4.     Defendant JOSEPH CAMMARATA caused Person #1 and Person #2 to open bank accounts in the name of that new limited liability company, the name of which appeared to be the same as that on the cashier's check issued by Wells Fargo in the name of PB Trade LLC.

5.     Defendant JOSEPH CAMMARATA caused Person #1 and Person #2 to deposit funds belonging to PB Trade LLC, and therefore subject to the Court's asset freeze order, into these accounts at Flagstar Bank, titled in the name of a different entity with a similar sounding name, which accounts were controlled by Person #1 and Person #2.

8

6.      Defendant JOSEPH CAMMARATA caused Person #1 and Person #2 to withdraw funds belonging to PB Trade LLC, and therefore subject to the Court's asset freeze order, and send them by U.S. mail or interstate carrier to Attorney #1 for the benefit of defendant CAMMARATA.

7.      On or about August 2, 2024, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JOSEPH CAMMARATA,**

for the purpose of executing the scheme described above, knowingly caused to be delivered to Attorney #1, by the United States Postal Service and commercial interstate carrier, according to the directions thereon, an official check in the amount of approximately $175,000 issued by Flagstar Bank.

In violation of Title 18, United States Code, Section 1341.

9

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      As a result of the violation of Title 18, United States Code, Section 1341 set forth in this indictment, defendant

### JOSEPH CAMMARATA

shall forfeit to the United States of America any property, real or personal, constituting, or derived from, proceeds traceable to such violation, including, but not limited to, approximately $175,000.

2.      If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28 United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

A TRUE BILL:

GF

*Salvatore L Astolfi for*
**DAVID METCALF**
**UNITED STATES ATTORNEY**

No._____

---

## UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

<u>Criminal Division</u>

---

## THE UNITED STATES OF AMERICA

vs.

JOSEPH CAMMARATA

---

INDICTMENT

Counts
18 U.S.C. § 401(3) (contempt of court – 1 count)
18 U.S.C. § 1341 (mail fraud – 1 count)
Notice of Forfeiture

---

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Foreperson

---

Bail. $ _____